John H. LUND, Plaintiff-Respondent,

v.

R. H. DALTON and Mildred Dalton, Defendants-Appellants.

No. 24027.

Kansas City Court of Appeals. Missouri.

Dec. 7, 1964.

Keith Wilson, Jr., Independence, for appellants.

Alan B. Slayton, Reese, Constance & Slayton, Independence, for respondent.

CROSS, Judge.

Defendants prosecute this appeal from a judgment entered upon a jury verdict awarding plaintiff a real estate sale commission in the sum of $3500.00.

Plaintiff is a licensed real estate broker. During the time in question defendants, husband and wife, were the owners of a tract of real estate referred to in the evidence as a 35 acre farm located in the vicinity of 39th Street in Independence, Missouri.

On June 20, 1959, the parties entered into a valid and binding written agreement entitled "Exclusive Sales Contract", by the terms of which plaintiff undertook to sell defendants' 35 acre tract, and defendants gave him "the irrevokable right to sell said property" for a period of 120 days, and agreed to pay plaintiff a commission of 5% of the purchase price received from a sale effected by him in accordance with the terms of the contract.

The contract contains two clauses which have given rise to this controversy. These provisions were written by hand in blank spaces preceded respectively by the previously typewritten words "REAL ESTATE" and "TERMS OF SALE". The two clauses in their entirety read as follows:

"REAL ESTATE: 15310 E. 39th Street, consisting of 35 acres more or less including improvements.

Price $70,000.00."

"TERMS OF SALE:

To be agreed upon".

The parties differ sharply and there is material conflict in the evidence as to the meaning intended by them in the use of the quoted contract language. Defendants insist that the stated "price" of $70,000.00 was not understood and intended to represent a cash consideration, but that the parties had agreed, prior to signing the contract, that defendants were to receive another farm in exchange for their own, and that the stated sum of $70,000.00 was intended to represent a *total* value of consideration. On the other hand it is contended by plaintiff that the language in question is a true, literal expression that the defendants had authorized him to sell their farm for cash, and cash only, in the stated sum of $70,-000.00, and that the only terms subject to

agreement were in respect to the time and manner of payment of the $70.000.00.

Defendant R. H. Dalton testified that when the parties discussed the terms of the subject contract, he told plaintiff that the property was not for sale for cash money, but that he wanted and would require that another farm be taken in trade. It was plaintiff's testimony that defendants named their own price of $70,000.00 as a selling figure, that the parties agreed upon the sum of $70,000.00 as the selling price acceptable to defendants, and so provided in the contract, and that no other basis of sale or exchange was discussed by the parties or suggested by defendants. Plaintiff specifically denied that there was any discussion with defendants about an exchange of farms or that Mr. Dalton said he wanted to take his money as a "swap" or "exchange" of another farm.

Plaintiff further testified that about two or three weeks after the contract was signed he was informed by Mr. Dalton and thereby learned for the first time that defendants were insisting they receive a farm in exchange as a basis for the sale of their 35 acre tract.

As a courtesy and accommodation to defendants, so plaintiff testified, he tried to "find a farm to exchange", did in fact locate two farms that were available for trade, and accompanied defendants to look at them, but defendants rejected both farms as unsuitable and unsatisfactory.

On the 16th day of October, 1959, and prior to the expiration of the 120 day exclusive listing period provided by the sales contract, plaintiff produced a purchaser in the corporate person of Jacomo Development Company which was willing and able to buy defendants' farm for the stated purchase price of $70,000.00. To that end and still within the 120 day listing period, plaintiff obtained and presented to defendants, for their acceptance, two written real estate sales contracts duly executed by Jacomo Development Company, together with earnest money checks. Both con-

tracts were dated October 16, 1959, and provided for a sale of defendants' farm to Jacomo for the total price of $70,000.00, but the instruments recited alternate terms of initial and deferred payments to be selected at defendants' option. Plaintiff also communicated a verbal offer made by Jacomo to pay the entire purchase price in cash upon delivery of defendants' deed. Defendants rejected both written contracts and Jacomo's verbal offer and informed plaintiff they would not sell for cash on any basis.

On December 8, 1959, and after the 120 day term of plaintiff's exclusive listing contract had expired, defendants sold their farm to Jacomo by a three party trade transaction through which they obtained a tract of land known as the Willie Clear farm.

Defendants' first point is an assignment that the trial court erred in giving plaintiff's verdict directing instruction, Number 1, the text of which is as follows:

"The Court instructs the jury that if you find and believe from the evidence that the plaintiff, John H. Lund, on one part, and the defendants, R. H. Dalton and Mildred Dalton, on the other part, entered into the exclusive sales contract dated June 20, 1959, regarding the sale of the 35 acre Dalton tract located at 15310 East 39th Street in Jackson County, if so, and if you further find that according to the terms of said exclusive sales contract the defendants agreed to sell their said 35 acre tract for the sum of Seventy Thousand ($70,000.00) Dollars, and to accept cash for the purchase price for their equity in the said property, if so, and if you find that defendants agreed to pay plaintiff, John H. Lund, a real estate commission if he would sell their property in the amount of 5% of the sales price, if so, and if you find that within the 120 day listing period the plaintiff did produce a purchaser ready, able and willing to buy said 35 acre

tract for the sum of Seventy Thousand ($70,000.00) Dollars and to pay cash for the defendants' equity in the property according to the terms of the said exclusive sales contract, if so, but that defendants refused to accept the same, and absolutely refused to complete the sale, then the plaintiff is entitled to his commission and your verdict will be for the plaintiff and against the defendants".

■ Defendants' claim of error in the quoted instruction is that it submits, without evidentiary basis, the hypothesis that defendants would *accept cash* as the purchase price of their property. The contention has no merit and is not supported by the record. Our examination of the transcript reveals an abundance of evidence to support the challenged submission.

First, and primarily, the language of the "Exclusive Sales Contract" of and in itself, standing alone, is sufficient to support the hypothesis and to justify the jury's finding that defendants authorized the sale of their farm for cash and that they would accept cash as its purchase price. The "price" is clearly stated, in terms of *money* (dollars), as $70,000.00. In the usual and ordinary usage of language the words "dollars", "money" and "cash" are synonymous terms. See State v. Darby, Mo.Sup., 165 S.W.2d 419, where the Supreme Court stated that "dollars" could not be understood to mean anything other than money or cash. Furthermore, the testimony of plaintiff, above noted, constitutes additional substantial evidence which justifies the challenged submission and supports the jury's finding on the issue.

■ Defendants' brief contains two additional points which we treat in inverse order. First, it is contended that since plaintiff was not the procuring cause of the ultimate sale to Jacomo on December 8, 1959, he was not entitled to a commission. This point fails because the transaction referred to has no relation or materiality to the pleaded and submitted trial issues. Plaintiff's entitlement to a commission is not based on any sale effected beyond the 120 day period provided by his listing contract. He seeks a recovery for his production of Jacomo as a purchaser within that period and during the term of his contract with defendants.

■ In their remaining point defendants contend that the court erred in giving plaintiff's measure of damage instruction, which reads: "The Court instructs the jury that if you find for the plaintiff and against the defendants, then your verdict must be for the plaintiff in the sum of $3,500.00". It is defendants' complaint that the instruction "assumed the fact of a commission in excess of 5%" because "the gross value entailed in the ultimate transaction between defendants and Jacomo was $69,000.00". For that matter, the evidence was conflicting. There was evidence on plaintiff's behalf tending to show that the total price finally paid by Jacomo was in the sum of $70,000.00. However, more fundamentally, we say again that the sale effected by defendants on December 8, 1959, is immaterial to the issue of plaintiff's entitlement to recovery and to the amount thereof. The instruction is properly based upon the sale price of $70,000.00 offered by Jacomo in October, 1959, when plaintiff produced that corporation as a purchaser under the terms of his contract with defendants.

The judgment is affirmed.

All concur.